UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELLYN J. BURNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-242 (GK) |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se,* brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Defendant Central Intelligence Agency ("CIA") has filed a motion to dismiss or, in the alternative, for summary judgment.  Based on the undisputed facts, the applicable law, and the parties' submissions, the Court will grant the motion.

### Background

On July 8, 2004, Plaintiff sent a FOIA request to the CIA.  Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Deft's Mot."), Declaration of Scott A. Koch ("Koch Decl."), Exhibit ("Ex.") A.  Plaintiff requested the following: (1) documents that provide information regarding any surveillance of her; (2) the type of surveillance; (3) the reason for the surveillance; (4) the duration of the surveillance; (5) the locations of the monitoring; (6) whether other United States agencies or states were recipients of the information; (7) the content of all data collected referring to the identity and activities of Plaintiff under the names Ellyn J. Burnes, Ellyn

Burnes Webb, Ellyn B. Webb, Ellyn Jane Webb, and Ellyn J. Webb; (8) records detailing any warrants issued authorizing surveillance of Plaintiff; and (9) copies of the warrants. *Id.*

In a letter dated August 18, 2004, the CIA notified Plaintiff that it had found no records responsive to her request. *Id.*, Ex. F. Plaintiff appealed this determination to the Agency Release Panel on September 3, 2004. *Id.*, Ex. H. The Agency Release Panel denied Plaintiff's appeal on November 12, 2004, stating that it could not identify any information or records filed under the names she provided. *Id.*, Ex. J. Plaintiff then filed this action.

**Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party must do more than simply "show that

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13 (D.D.C. 1980). In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted).

**Discussion**

To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA.  *Id*. at 127.  The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results.  *Weisberg v. DOJ*, 745 F.2d at 1485.  An agency's failure to find a particular document does not undermine the determination that the search was adequate.  *Wilber v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1987).  "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."  *SafeCard Servs., Inc.*, 926 F.2d at 1201.

According to Defendant, Plaintiff's FOIA request was processed in accordance with the

CIA's established procedure. Koch Decl., ¶ 21.  The CIA's Information Management Services analyzed the request and determined which components within the CIA would be reasonably expected to possess records responsive to plaintiff's request. *Id.*, ¶ 10.  The search was not restricted to records originated by the CIA, but all records in the appropriate databases. *Id.*, ¶ 21.  The CIA's records search focused on two Directorates, the Directorate of Operations ("DO") and the Directorate of Support ("DS").  Defendant's Reply in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment, Second Declaration of Scott A. Koch ("Koch Second Decl."), ¶ 4.

The DO is the CIA component responsible for the collection of foreign intelligence information from human sources and contains information on persons who are of foreign intelligence or counterintelligence interest to the CIA and other United States government agencies. *Id.*, ¶ 5.  In this case, the CIA conducted a search of the DO's records systems using all of the names provided by Plaintiff, including both her maiden and married names, and also by searching under her date of birth. *Id.*

The DS is responsible for CIA's administrative matters. *Id.*, ¶ 6.  This component of the CIA maintains records on all current and former CIA employees and other individuals for whom security processing or evaluation was required. *Id.*  DS's records system also includes all security-related documents. *Id.*  The CIA conducted a search of the DS records systems using all of the different variations of Plaintiff's name and her social security number. *Id.*, ¶ 7.

It is apparent from the declarations submitted by the CIA that it has made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C.

1996)(citing *Oglesby*, 920 F.2d at 68). As such, the CIA's search for Plaintiff's requested records was adequate to fulfill its obligations under FOIA.

To prevail in a FOIA case, a plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C.Cir. 2004). A suit is only authorized under the FOIA against federal agencies to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Since Defendant did not withhold any documents, Plaintiff does not have a viable cause of action under the FOIA.

**Conclusion**

Based on the foregoing, Defendant's motion to dismiss or, in the alternative, for summary judgment will be granted. Judgment will be entered in favor of Defendant. An appropriate order accompanies this Memorandum Opinion.

/s/
GLADYS KESSLER
United States District Judge

DATE: September 14, 2005